UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALDNE A. TRICE, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cv-2101-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| NATIONAL DEFAULT SERVICING CORP., ) | |
| JAMES HUYNH, MICHAEL A. BOSCO, ) | |
| CARMEN NAVEJAS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are Motions for Temporary Restraining Order ("TRO"), Preliminary Injunction, Permanent Injunction, and a Hearing (ECF Nos. 7–10)[1] filed by Plaintiff Geraldine A. Trice ("Plaintiff") against Defendants National Default Servicing Corporation ("NDSC"), James Huynh ("Huynh"), Michael A Bosco ("Bosco), and Carmen Navejas ("Navejas") (collectively, "Defendants").

I.   **BACKGROUND**

This action arises out of the foreclosure sale of real property located at 5873 Pear Court, Las Vegas, Nevada 89110 (the "Property"). (Compl. ¶ 7, ECF No. 1).  Plaintiff alleges that NDSC and Navejas "conducted an illegal foreclosure sale on [her] home on July 18, 2016 and sold [the] home to James Huynh without proper documents." (Pl.'s Mot. for TRO 2:25–27, ECF No. 8).  Plaintiff explains that an "Unlawful Detainer Action" has now been filed with the Las Vegas Justice Court with a "hearing date set for October 17, 2016." (*Id.* 2:28–3:3). Plaintiff's exhibits include the Las Vegas Justice Court Complaint for Unlawful Detainer,

---

[1] All four filings are identical, and the Court will refer to the Motions collectively as Plaintiff's Motion for TRO.

which was filed on August 22, 2016. (Ex. 1 to Pl.'s Mot. TRO at 17).  Plaintiff filed her Complaint in this Court on September 6, 2016, alleging causes of action related to the alleged illegal foreclosure sale including quiet title. (*See Compl.*).  In the instant Motion for TRO, Plaintiff asks this Court to "preliminarily enjoin the State of Nevada and take jurisdiction over the Unlawful Detainer Case pending outcome of lawsuit." (Pl.'s Mot. for TRO 3:22–24).

## II.     LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

A "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."

*Id.* at 24 (internal quotation marks omitted). "In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id*.

## III. DISCUSSION

The Anti–Injunction Act prohibits a "court of the United States" from granting "an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. The statute further provides three limited exceptions to its prohibition: (1) where "expressly authorized by Act of Congress"; (2) "where necessary in aid of its jurisdiction"; or (3) "to protect or effectuate its judgments." *Id.* Furthermore, "[i]t is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970).

The exceptions to the Anti-Injunction Act are narrowly construed and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "The general rule under the 'necessary in aid of its jurisdiction' exception is that where state and federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from simultaneously pursuing claims in both courts." *Id.* at 740. The exception does not apply unless injunctive relief is "necessary to prevent a state court from so interfering with a

federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coastline R.R.*, 398 U.S. at 295. "The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under . . . [an] exception." *Lou*, 834 F.2d at 740.

Here, Plaintiff specifically seeks to enjoin the Unlawful Detainer Action currently underway in the Las Vegas Justice Court. Thus, the requested relief is barred by the Anti-Injunction Act's prohibition against enjoining "proceedings in State court." The Court does not find any exception to the Anti-Injunction Act that is applicable to this case. Accordingly, the Court must deny Plaintiff's Motion for TRO.

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motions for TRO, Preliminary Injunction, Permanent Injunction, and a Hearing (ECF Nos. 7–10) are **DENIED**.

**DATED** this __7__ day of October, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court