UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALDINE A. TRICE,              ) <br>        Plaintiff,              ) <br>                      ) <br> vs.              ) <br>                      ) <br> NATIONAL DEFAULT SERVICING ) <br> CORPORATION, *et al.*,              ) <br>                      ) <br>        Defendants.              ) | Case No. 2:16-cv-02101-GMN-GWF <br><br> **ORDER** |

This matter is before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion for Stay of Discovery Proceedings Pending the Motions to Dismiss (ECF No. 40), filed on February 2, 2017. Plaintiff filed an Opposition (ECF No. 45) on February 15, 2017 and Defendant filed a Reply (ECF No. 46) on February 22, 2017.

**BACKGROUND**

Plaintiff filed the instant action on September 6, 2016. *Complaint* (ECF No. 1). The Complaint asserts the following causes of action: (1) False Representation Concerning Title and Fraudulent Foreclosure, (2) Quiet Title, (3) Intentional Infliction of Emotional Distress, (4) Injunctive Relief, and (5) Slander of Title. These claims are based on Plaintiff's attempt to challenge the non-judicial foreclosure sale on certain real property. Defendant Chase filed a Motion to Dismiss (ECF No. 18) on December 12, 2016 [1] despite the fact that it has not officially been named as a defendant.[2]

---

[1] Defendants National Default Servicing Corporation, Michael Bosco and Carmen Navejas filed a Motion to Dismiss (ECF No. 24) on December 19, 2016. Defendant Federal Deposit Insurance Corporation filed a Motion to Dismiss (ECF No. 38) on January 24, 2017.

[2] Plaintiff's initial Complaint does not name Chase as a defendant. On October 27, 2016, Plaintiff filed a Motion to Amend the Complaint (ECF No. 12). Attached thereto was Plaintiff's proposed supplement to her Complaint. That same day the Clerk of the Court issued summons to the newly named Defendants despite the fact that Plaintiff's motion has not yet been ruled upon. Plaintiff then served Chase through its registered agent and Chase filed its motion to dismiss out of an abundance of caution. *See Motion to Dismiss* (ECF No. 18), pgs. 2-3.

Plaintiff filed a Response (ECF No. 27) on December 22, 2016.  Defendant Chase's motion to dismiss requests that the Court dismiss Plaintiff's Complaint on the grounds that Plaintiff's claims are barred based on the doctrines of claim and/or issue preclusion and that Plaintiff's Complaint and Supplement (ECF No. 12-1) fail to state a claim upon which relief can be granted.  Because Defendant's motion to dismiss is potentially dispositive of the entire case, Defendant argues that discovery in this matter should be stayed pending the resolution of its motion as well as the other Defendants' motions to dismiss.  This stay would relieve the parties of incurring the potentially unnecessary expenses of discovery should the District Court grant the motions to dismiss.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995).  Ordinarily, a dispositive motion does not warrant a stay of discovery.  *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).  *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  The moving party carries the heavy burden of making a strong showing of why discovery should be denied.  *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action."  *Kor Media Group*, 294 F.R.D.  at 581.  It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).   To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion.  *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief."  *Kor Media Group*, 294 F.R.D.

at 581.  Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues.  *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.  Furthermore, a stay of discovery might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value.  4 J. Moore, *Federal Practice* § 26.70[2], at 461.

Having reviewed Defendant Chase's motion to dismiss and Plaintiff's corresponding response, the Court finds that a stay of discovery is appropriate here.  Defendant argues that Plaintiff's instant Complaint is her fifth attempt to litigate the lawfulness of the non-judicial foreclosure sale.  Based on the Court's "preliminary peak," this argument is well taken and appears meritorious.  Additionally, the proposed supplement to Plaintiff's Complaint is a fugitive document in that leave to file it has not yet been granted by the Court.  Discovery would therefore serve no purpose until the District Court has determined whether Plaintiff's claims are barred by the doctrines of issue and/or claim preclusion.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant JPMorgan Chase Bank, N.A.'s Motion for Stay of Discovery Proceedings Pending the Motions to Dismiss (ECF No. 40) is **granted**.  If the motions to dismiss are not granted in full, the parties shall file a proposed discovery plan within seven days of the issuance of the order resolving the first motion to dismiss that is decided.

DATED this 1st day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge