# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GERALDINE A. TRICE,

        Plaintiff,

vs.

NATIONAL DEFAULT SERVICING CORP.,
MICHAEL A. BOSCO, CARMEN
NAVEJAS,

        Defendants.

Case No.: 2:16-cv-2101-GMN-GWF

**ORDER**

Pending before the Court is the Motion to Dismiss filed by Defendants National Default Servicing Corporation ("NDSC"), Michael A Bosco ("Bosco), and Carmen Navejas ("Navejas") (collectively "Defendants"). (ECF No. 24). Plaintiff Geraldine Trice ("Plaintiff")[1] filed a response, (ECF No. 35), and Defendants did not file a reply. Also pending before the Court is Plaintiff's Motion to Supplement the Complaint, (ECF No. 12). For the reasons discussed herein, Defendants' Motion to Dismiss is **GRANTED,** and Plaintiff's Motion to Supplement the Complaint is **DENIED**.

**I.    BACKGROUND**

This case concerns a dispute over a loan agreement and the resulting non-judicial foreclosure sale of the property located at 5873 Pear Court, Las Vegas, NV 89110. (Compl., ECF No. 1). As best the Court can discern, Plaintiff challenges the chain-of-title of the mortgage instruments attached to the property and subsequent authority of Defendants to initiate foreclosure proceedings. (*Id.* ¶¶ 13–29). According to Plaintiff, she has been subjected

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1  "to a foreclosure mortgage servicer and foreclosure scheme that has resulted in the sale of [her]
2  home." (*Id.* ¶ 22). Specifically, Plaintiff alleges that "National Default Servicing Corporation
3  does not have trustee status over the Plaintiff's Note to cause a foreclosure sale . . . ." (*Id.* ¶ 29).
4  Plaintiff further alleges that Defendants filed multiple documents with the Clark County
5  Recorder's Office that were "forged, groundless, contain[ed] material misstatements and false
6  claims." (*Id.* ¶ 26).

Based on these allegations, *inter alia*, Plaintiff filed a Complaint on September 6, 2016, raising multiple claims against Defendants. Specifically, Plaintiff alleges claims for: (1) False Representation Concerning Title and Fraudulent Foreclosure under NRS 205.395; (2) Quiet Title; (3) Intentional Infliction of Emotional Distress; (4) Injunctive Relief; and (5) Slander of Title. (*Id.* ¶¶ 30–60). On December 19, 2016, Defendants filed the instant Motion, which seeks dismissal on Plaintiff's claims with prejudice. (ECF No. 24).[2]

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

---

[2] Plaintiff raised her claim for injunctive relief only as to Defendant "James Huynh." (Compl. ¶¶ 52–56). On September 26, 2016, Plaintiff filed a one-page "amendment" to the Complaint, which removed the "fictitious" Defendant James Huynh from the action. (*See* Am. Compl., ECF No. 6). As this claim was not brought against any other Defendants, the Court finds that Plaintiff has abandoned this claim.

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so

requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

This is Plaintiff's third lawsuit filed in this Court involving claims arising from the foreclosure of the same property. *See Trice v. Damion*, No. 2:16–cv–01348–MMD–NJK, 2017 WL 187149 (D. Nev. Jan. 17, 2017); *Trice v. JP Morgan Chase Bank*, No. 2:15–cv–01614–APG–NJK, 2015 WL 10743195 (D. Nev. Nov. 18, 2015). The prior lawsuits have both been dismissed with prejudice. *Id.* Plaintiff has also filed two separate unsuccessful state court lawsuits relating to the same loan and property. *Id.* The Court takes judicial notice of the matters docketed in these cases and addresses the pending motions in turn. *See Mack*, 798 F.2d at 1282 (stating that courts may take judicial notice of matters of public record).

### 1. Defendants' Motion to Dismiss

As a preliminary matter, the Court notes that Plaintiff's Response fails to adequately address or provide counter authority to the arguments raised in Defendants' Motion to Dismiss. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes the consent to the granting of the motion."). In the Response, Plaintiff merely superficially challenges Defendants' rendition of the facts and discusses her general right to bring a lawsuit. (*See* Pl.'s Resp., ECF No. 35). Even to the extent the Court does find Plaintiff's Response sufficient, however, the Complaint nonetheless fails to raise actionable claims. Accordingly, the Court finds that dismissal of the Complaint with prejudice is proper.

*a. False Representation Concerning Title, Fraudulent Foreclosure, Quiet Title*

Plaintiff alleges that Defendants violated NRS 205.395 by "creating a lien and claim of interest in Plaintiff's property" while knowing that the substitution instrument naming NDSC as Trustee was groundless and invalid. (*See* Compl. ¶ 31). At the core of this argument is Plaintiff's assertion that "Chase Bank was not the beneficiary of the subject note" and therefore could not substitute NDSC as trustee. (*Id.*). Plaintiff raises her Quiet Title claim under this same premise. (*Id.* ¶ 43).

Defendants argue that these claims are barred by issue preclusion and the doctrine of res judicata because they "arise from the same failed argument that [Chase Bank] did not have authority to foreclose." (Mot. to Dismiss 10:23–11:11, ECF No. 24). Defendants are correct. Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012). Issue preclusion may apply "even though the causes of action are substantially different, if the same fact issue is presented." *LaForge v. State, Univ. and Comm. Coll. Syst. of Nev.*, 997 P.2d 130, 134 (Nev. 2000). Furthermore, under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies that are based on the same cause of action. *See Blonder-Tongue Laboratories v. Univ. of Ill. Found.*, 402 U.S. 313, 323–324 (1971).

Here, while Plaintiff purportedly brings a new claim under NRS 205.395,[3] Plaintiff effectively is attempting to reargue Chase Bank and Defendants' underlying authority to foreclose on the property. (*See* Court Order, Ex. F to Mot. to Dismiss). As this issue has

---

[3] The Court further notes that Plaintiff fails to adequately plead a cause of action under this statute, which requires a plaintiff to: (1) hold a beneficial interest in real property; and (2) send a written request to correct the false representation to the party at issue. *See* NRS 205.395(5).

already been litigated and ruled upon by other courts, the Court finds that Plaintiff is barred from raising the issue in the instant action and dismisses these claims with prejudice.

### b. *Intentional Infliction of Emotional Distress*

Plaintiff next asserts a claim for intentional infliction of emotional distress, alleging that she has suffered "extreme and outrageous emotional distress, including lack of sleep, anxiety, and depression." (Compl. ¶ 48). Specifically, Plaintiff alleges that "Defendants engaged in intentional and reckless disregard which have [affected] the Plaintiff and foreclosed on a property in which they have no right, title, or interest . . . ." (*Id.* ¶ 49).

As an initial issue, the Court notes that Plaintiff's allegations are overly conclusory and fail to meet the pleading standard. *See Sprewell,* 266 F.3d at 988. Even if they were properly plead, however, Plaintiff's claims are once again impermissibly premised on Defendant's lack of authority to foreclose on the property. Plaintiff has not and cannot effectively plead that Defendants' foreclosure of the property—which has already been upheld in other courts—constitutes extreme and outrageous conduct. Accordingly, the Court dismisses this claim with prejudice.

### c. *Slander of Title*

Plaintiff lastly asserts a claim for slander of title, alleging that Defendants "published matters that [were] untrue and disparaging to Plaintiff's right to title in the subject mortgage instruments by their acts and omissions." (Compl. ¶ 58). To establish a claim for slander of title, a Plaintiff must show "false and malicious communications, disparaging to [her] title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, as with Plaintiff's other claims, Plaintiff relies merely on conclusory assertions and falls short of the pleading standard. Moreover, Plaintiff cannot show that Defendants' communications were disparaging to her title, as the chain of title and foreclosure issues have

already been resolved against Plaintiff. In raising this claim, Plaintiff is merely attempting to re-litigate already adjudicated issues. Accordingly, the Court dismisses this claim with prejudice.

### 2. Plaintiff's Motion to Supplement the Complaint

Plaintiff brings a Motion to Supplement the Complaint pursuant to Fed. R. Civ. P. 15(d), which raises multiple additional claims against JPMorgan Chase Bank, N.A. and Federal Deposit Insurance Corporation ("FDIC"). (ECF No. 12). Specifically, Plaintiff seeks to add claims of (1) Fraudulent Concealment; (2) Slander of Credit; (3) FDIC Malfeasance; and (4) Intentional Interference with a Contract. (Mot. to Suppl., ECF No. 12). As best the Court can discern, Plaintiff argues that this supplement is warranted because FDIC denied Plaintiff's administrative claim brought under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), and the denial occurred after Plaintiff initiated the instant action. (*Id.*).

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). When considering whether to allow a supplemental complaint, courts may consider factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile. *See Saintal v. Foster*, No. 2:11–cv–00445–MMD, 2012 WL 5180738, at *6 (D. Nev. Oct. 17, 2012).

Here, the Court finds that allowing Plaintiff's supplement would be futile and against the interests of judicial economy. Notably, the claims brought against JPMorgan Chase Bank are

barred by issue preclusion. Even if the claims were permissible, the allegations in the supplemental complaint occurred prior to the date of pleading and therefore are not properly raised in a supplemental complaint. Furthermore, pursuant to 12 U.S.C. § 1821(d)(6)(A)(ii), the Court does not have jurisdiction over challenges to FDIC's administrative decisions. *See MTB Enterprises, Inc. v. ADC Ventures 2011-12, LLC*, 780 F.3d 1256, 1258 (9th Cir. 2015) (affirming that under FIRREA, a claimant must sue in the district court "within which the [failed bank's] principal place of business is located or the United States District Court for the District of Columbia . . . ."). The Court therefore denies Plaintiff's Motion to Supplement the Complaint.[4]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 24), is **GRANTED**. Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement, (ECF No. 12), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Clerk's Default, (ECF Nos. 22, 29, 30, 31, 34), are **DENIED**.

///

///

///

///

///

///

---

[4] Plaintiff additionally filed five separate motions for entry of clerk's default. (ECF Nos. 22, 29, 30, 31, 34). Four of these motions pertain to parties named in Plaintiff's Motion to Supplement. As these parties are not defendants in the operative complaint, Plaintiff is not entitled to default against them. The remaining motion pertains to the named Defendants in this case, who have properly appeared. The Court therefore denies Plaintiff's motions.

**IT IS FURTHER ORDERED** that any remaining motions in this action are **DENIED as moot**.

The Clerk of Court is instructed to close the case.

**DATED** this __6__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court